[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de THE DEFENDANT'SMOTION FOR MODIFICATION (#127)
The parties' dissolution of marriage judgment was entered January 2, 1991. Periodic alimony was ordered paid to the plaintiff by the defendant. On February 3, 1997, by stipulation of CT Page 1423 the parties, this court entered the current order of $2,500 monthly periodic alimony, initial payment due February 5, 1997 (#126). In defendant's motion of January, 1997 he alleged he was receiving weekly gross compensation of $2,423 less tax deductions of $1,000. He also listed a pension plan payment of $102 weekly, providing him with total net weekly income of $1,525.
The current motion with defendant's supporting affidavit lists gross weekly income of $1,313 and net after taxes of $775 weekly.
In February, 1997 and on November 17, 1997 when the current motion was heard the defendant was a consultant to Saudi Petroleum International, Inc. Since the last hearing his hours of service have been curtailed from 24 to 10 hours weekly. However, the defendant admitted he is paid a monthly fee of $5,200 gross. He is committed to working a minimum of 10 hours weekly for the fee but is not paid on an hourly scale. The defendant is 65 years of age and resides in New York City.
The plaintiff relocated to Mesa, Arizona in August, 1996. She lists no income on her affidavit dated November 17, 1997 although she lists $152,000 in a Smith Barney brokerage account, acknowledging in testimony she made $2,000 in the stock market. Her current total expenses are stated to be $614 weekly. The defendant testified that the plaintiff was collecting between $650 and $750 monthly from Social Security. The plaintiff did not refute the assertion.
The plaintiff admitted in testimony that she prepared her financial affidavit from memory without consulting her financial records.
The plaintiff implies that the defendant should use his deferred compensation accounts to pay the alimony. However, the parties' separation agreement, "Article VIII-Pension or Retirement Funds or Benefits" provides that each party waived any claim to the other party's pension or retirement funds and, in Paragraph 8.2 the plaintiff acknowledges the waiver to all of the defendant's retirement funds, having the representation made to her that his retirement funds exceed $100,000 in value. This is a division of assets which cannot be later modified. The plaintiff has no call on the defendant's deferred compensation or pension for the payment of alimony prospectively, having waived all such claims.
The court finds that the defendant's income is understated. CT Page 1424 The court finds that the plaintiff's affidavit omits her income. Consequently, the court finds it is unable to conclude that the defendant is entitled to any modification.
The defendant's motion is denied.
HARRIGAN, J.